FILED
U.S DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 25 2014

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

# FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

CASE NO. __2:14-cv-94-JM-JTK__

Jury Trial: ☐ Yes  ☐ No
(Check One)

I. Parties

In item A below, place your <u>full</u> name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

Name of plaintiff: Anthony Ellis
ADC # _____

Address: Anthony Ellis, FCI Fort Worth, P.O. Box 15330
Fort Worth, Texas, 76119

Name of plaintiff: _____
ADC # _____

Address: _____

*This case assigned to District Judge Moody
and to Magistrate Judge Kearney*

Name of plaintiff: _____
ADC # _____

Address: _____

In item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

B. Name of defendant: Anthony Haynes

Position: Warden, FCI Forrest City

Place of employment: FCI Forest City
1340 Dale Bumpers Blvd.

Address: Forrest City, AK 72335

Name of defendant: _____

Position: _____

Place of employment: _____

Address: _____

Name of defendant: _____

Position: _____

Place of employment: _____

Address: _____

Name of defendant: _____

Position: _____

Place of employment: _____

Address: _____

II. Are you suing the defendants in:

☐ official capacity only
☐ personal capacity only
☒ both official and personal capacity

III. Previous lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes __xx__ No ___

B. If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.) §2241 Motion for Writ of Habeas Corpus

☒ Parties to the previous lawsuit:

Plaintiffs: Anthony Ellis _____

Defendants: Rodney Chandler, Warden
FCI Fort Worth _____

_____

☒ Court (if federal court, name the district; if state court, name the county):

U.S.D.C. for the Northern District of Texas

- ☐ Docket Number: __NA- Motion was withdrawn.__
- ☐ Name of judge to whom case was assigned: __NA- Motion was Withdrawn__
- ☐ Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?) __N/A__
- ☐ Approximate date of filing lawsuit: __5/11/14__
- ☐ Approximate date of disposition: __N/A__

IV. Place of present confinement: __FCI Fort Worth, Fort Worth, Texas__

V. At the time of the alleged incident(s), were you:
(check appropriate blank)

_____ in jail and still awaiting trial on pending criminal charges

__XX__ serving a sentence as a result of a judgment of conviction

_____ in jail for other reasons (e.g., alleged probation violation, etc.)
explain: _____

VI. The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit. There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails. Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

- Did you file a grievance or grievances presenting the facts set forth in this complaint?

  Yes __xx__   No ____

- Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure?

  Yes __XX__   No ____

  If not, why? _____

VII. Statement of claim

State here (as briefly as possible) the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Correctional Officers at FCI Forrest City acted in violation of Title II of the Americans With Disabilities Act (42 U.S.C. §12101(a)(12) when they injured Ellis, a wheelchair-bound inmate) while attempting to transport him in a non-handicapped accessible van.

On or about November 29, 2012, Inmate Ellis was being transported to an outside medical facility by FCI Forrest City Correctional Officers D. Roberts and W. Baney. For reasons unknown, they elected to use a van that was neither handicapped-accessible nor equipped with a wheelchair lift. While attempting to lift Ellis into the van, the officers dropped Ellis, injuring his back and spine. The officers acted improperly by attempting to transport a wheelchair-bound inmate in a non-wheelchair accessible van, and for attempting to **lift** both Ellis in his chair into the van. A review of the video from the institutional cameras monitoring the area at this time will verify Ellis's account of the incident. In an attempt to resolve this

**CONTINUED— SEE ATTACHMENT**

## VII. Statement of claim. Attachment Page 1

issue, Ellis unsuccessfully accessed (and exhausted) the Bureau of Prison's Administrative Remedy Process. By any objective measure, the Bureau did little or no investigation into this matter. They claim to have interviewed the officers, who reported that the incident <u>did not</u> happen, and this apparently "settled" the issue to the satisfaction of the BOP. clearly, the video surveillance system was never accessed, or if it was, the contents of the tape were misrepresented. The Correctional Officers tasked with transporting Ellis acted improperly. They obviously knew that Ellis was a wheelchair-bound inmate, and a van equipped with a wheelchair lift was available to them that day. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994), stating that a prison official is liable under the Eighth Amendment "... if he knows that inmates face a substantial risk of serioous harm, <u>and</u> disregards that risk by failing to take reasonable measures to abate it."

The actions of FCI Forrest City Correctional Officers D. Roberts and W. Baney violated Title II of the Americans With Disabilities Act, which prohibits discrimination by governmental entities in public services and programs. See <u>Chisolm v. McManimon</u>, 275 F.3d 315, 325 (3rd Cir. 2011) ("Title II of the ADA applies to services, programs, and activities provided within correctional institutions".)

The medical staff at FCI Forrest City exhibited deliberate indifference to a serious need in their response

to the subject incident. Ellis did not begin experiencing pain until four days after the subject incident-- a common occurrence with back and neck injuries. Ellis alerted medical staff concerning his back pain shortly thereafter, but his pain medication was not adjusted until January 11, 2013. Ellis' treatment (or lack thereof) by health services staff at FCI Forrest City constitutes "deliberate indifference to serious medical needs of prisoners" and the "unnecessary and wanton infliction of pain" prohibited by the Eighth Amendment (<u>Estelle v. Gamble</u> 429 U.S. 97 (1976)).

VIII. Relief

<u>State briefly exactly what you want the court to do for you.</u> Make no legal arguments. Cite no cases or statutes.

Ellis should be examined and treated by an outside medical professional for his spinal and back injury which occurred as a direct result of being dropped by transportation officials. He should receive compensatory and punitive damages for pain and suffering.

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this 15th day of July, 20 14.

*Anthony Ellis*
Signature(s) of plaintiff(s)

REG. # 22149-076
F.C.I. FT. WORTH
P.O. BOX 15330
FT. WORTH, TX 76119

Revised 03/19/09

## CERTIFICATE OF SERVICE

I, Anthony Ellis, do hereby attest that the foregoing motion has, on July 15, 2014 been filed with the Clerk of the Court upon receipt by them.

All opposing counsel are members of this Court's e-file CM/ECF system and upon said filing, each will receive an electronic copy.

BY:

*Anthony Ellis* (signature)

Anthony Ellis