**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

ANTHONY ELLIS,                                                                                    PLAINTIFF
REG. #22149-076

v.                                            2:14CV00094-JM-JTK

ANTHONY HAYNES, et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing

is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.      Introduction

Plaintiff Ellis, a federal inmate incarcerated at the Federal Medical Center in Fort Worth, Texas, filed this federal civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., based on an incident which occurred at the Federal Correctional Institution (FCI), Forrest City, Arkansas, in November, 2012.   He asks for monetary relief from Defendants Baney and Roberts.[1]

Pending before the Court is the Defendants' Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. No. 26-28).  Plaintiff filed a Response to the Motion (Doc. No. 33) and Defendants filed a Reply (Doc. No. 36).

### II.      Amended Complaint

---

[1]Defendants Haynes, Kayne, Hoy, Graham, Ward, and Cook, were dismissed on November 21, 2014, for failure to state a claim upon which relief may be granted (Doc. No. 18).

Plaintiff, who is wheelchair-bound, alleged he was injured on November 29, 2012, while being transported to an outside medical facility by Defendants Roberts and Baney.  (Doc. No. 10, p. 2) Defendants did not use a wheelchair-accessible van, and "while attempting to lift Ellis in to the van, injuring his back and spine....for attempting to lift both Ellis and his chair into van..."  (Id.) Plaintiff further alleged that while attempting to lift **him** into the van, Defendants dropped him, injuring his back and spine.  (Id., p. 4, emphasis added)  He claimed that Defendants acted with deliberate indifference and violated the ADA because they failed to utilized a wheelchair-accessible vehicle for transport.  (Id.)  Finally, he claimed he did not begin experience pain until four days after the incident, and alerted medical staff shortly thereafter.  (Id., p. 5)

III.    **Summary Judgment Motion**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine

3

dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.   Bivens Claim

#### 1.   Defendants' Motion

Defendants state Plaintiff fails to support an Eighth Amendment deliberate indifference claim

against them, and that they are entitled to qualified immunity.  According to the Defendants' declarations, they took the required course and passed the necessary exams to obtain certification for transporting prisoners, and previously transported handicapped inmates.  (Doc. Nos. 27-1, 27-2). Defendants were instructed to transport Plaintiff to the local hospital on November 29, 2012, in an emergency situation,[2] and the single FCI handicapped van was not available.  (Id.) Defendant Baney checked out a secure van and the two officers attempted to lift Ellis into the van, but placed him back into the wheelchair after realizing he was too heavy. (Id.)  Defendants deny that they tried to lift Ellis in his wheelchair, because the layout inside the van would not accommodate the wheelchair unless it was folded, and they also deny that they dropped Ellis.  (Id.)  Defendant Baney called transport and arranged for a secure transportation car, into which they lifted and placed Ellis, and transported him to the hospital without incident.  (Id.)  Defendants stayed with Ellis at the hospital until midnight, and Ellis never complained to them or hospital staff that he was dropped or suffered from injuries.  (Id.)

Defendants also note that in the administrative remedy Plaintiff filed prior to filing this lawsuit, he claimed they tried to lift him out of his wheelchair, and not that they tried to lift him and

---

[2]Plaintiff suffered from a "left ischlorectal abscess, left forearm abscess."  (Doc. No. 27-4, p. 22)

the wheelchair.  (Doc. No. 27-3).  In addition, according to Dr. Martin Tindel, Clinical Director at

FCI, Plaintiff first arrived at FCI in January, 2012, with a history of neck and back pain. (Doc. No.

27-4, p. 1) According to his medical records, he was provided a refill for Ibuprofen on April 2, 2012,

for chronic back and hernia pain. (Id., p. 5) He was seen in the Health Services on August 23, 2012,

and September 28, 2012, for complaints of neck and back pain, and during the September 28, 2012

visit, he claimed he was dropped at his previous place of incarceration.  (Id., pp. 7-16) His medical

records during his hospital stay do not contain any notations that he suffered a fall or complained

of neck or back pain following the trip to the hospital, and when he was returned to FCI on

December 6, 2012, he did not complain about a fall or injury during his health services examination.

(Id., pp. 22-33) Similarly, he did not complain of such on December 7, 2012, or December 20, 2012,

and a review of his records from December 20, 2012 - July 29, 2013, shows no claim of injury from

being dropped.  (Id., pp. 35-37, 39-45) Plaintiff did not allege he was dropped until December 4,

2013, after he was transferred to Fort Worth.  (Id., p. 53)

Finally, Defendants note that Plaintiff previously filed this identical claim in Ellis v. Castillo,

2:12cv02221 (W.D.TN), where he claimed he was dropped while being lifted into a van while

incarcerated at FCI, Memphis, in March, 2011 (Doc. No. 27-5).  That action was dismissed on

January 30, 2015 (Doc. No. 27-6).

### 2.    Plaintiff's Response

Plaintiff claims Defendants were not qualified to transport him, and admitted they did not

use a properly-equipped vehicle to transport him in violation of  Bureau of Prison (BOP) policies.

He claims Defendants dropped him while trying to lift him into the van, causing him to fall and

injure his back and bruise his ribs.  He also claims that video tapes of that day, which Defendants

have failed to produce, will substantiate his claims.  He claims he told Dr. Tindel of his back and

chest pain and that he was previously dropped while incarcerated at FCI-Memphis.  He also claims

he continued to complain about his extreme back pain, citing an exhibit dated August 22, 2012.

### 3.     Defendants' Reply

Despite the fact that Plaintiff tells a different story from Defendants, they state he fails to

provide any specific facts or evidentiary materials to show a genuine issue for trial.  Even assuming

Plaintiff's version of the facts as true, he does not provide any evidence to show that they acted with

deliberate indifference.  Furthermore, he provides no medical record evidence to show that he

notified anyone of the incident or complained about an injury following his transportation to the

hospital.  The facts that Plaintiff has changed his story about how the incident took place, and has

previously made the same allegations against officers at another institution, also cause doubt about

his claims. Finally, Defendants provide the affidavit of FCI Investigative Specialist Byron Flint, who

states that the video surveillance system at FCI operates on a 30-45 day cycle and that there is no

available video from the day of November 29, 2012.  (Doc. No. 36-1)

### 4.     Analysis

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that

Defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S.

825, 834 (1994).   However, even negligence in diagnosing or treating a medical condition does not

constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

Rather, the "prisoner must show more than negligence, more even than gross negligence,..." Estate

of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  Finally, "[i]n the face of medical records

indicating that treatment was provided and physician affidavits indicating that the care provided was

adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

Qualified immunity, which protects officials who act in an objectively reasonable manner, may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[3] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Having reviewed the submissions from the parties, the Court finds as a matter of law that

---

[3]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

Defendants acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right. While Plaintiff claims Defendants failed to transport him in a handicapped-accessible van, he does not dispute that the FCI handicapped van was unavailable, or that Defendants were required to immediately transport him because of an emergency situation. Even assuming Defendants dropped him as he alleges, the Court finds that Plaintiff's allegation, unsupported by any documentary evidence, at most supports a claim for negligence, which is not available in a Bivens action. See Estelle v. Gamble, 429 U.S. at 105-06, and Popoalii v. Correctional Medical Services, 512 F.3d 488 (8th Cir. 2008). Plaintiff's medical records do not provide any evidence that he complained about the incident, or about additional neck and back pain caused by such an incident. In addition, his complaint about back pain occurred on August 22, 2012, which was prior to the incident at issue. (Doc. No. 27-4, p. 7) Therefore, the Court finds Defendants are entitled to qualified immunity.

### B.    ADA Claim

Defendants state Plaintiff cannot prevail on this claim, because Title II of the ADA, which prohibits the exclusion of disabled individuals for participation in or the benefits of the services, programs, or activities of public entities, does not apply to the federal government. 42 U.S.C. §12132; Marlin v. Raper, No. 2:06cv0004-SWW, 2007 WL 779710 *6 (E.D.AR).[4] In addition, Plaintiff cannot file such a claim against the individual Defendants, Baney and Roberts, because Title II provides redress for discrimination by a "public entity." Alsbrook v. City of Maumelle, 184

---

[4]A public entity is defined as a department, agency, etc., of a state or local government, or the National Railroad Passenger Corporation and other commuter authorities. 42 U.S.C. § 12131.

F.3d 999, 1005, n.8 (8th Cir. 1999).

Plaintiff does not dispute this argument, other than to state that Defendants violated BOP policy by not being certified to transport handicapped inmates and by not using a properly equipped vehicle to transport him.  (Doc. No. 33)

However, failure to follow an institution's policies or procedures does not support a constitutional claim for relief.  "[T]he mere violation of a state law or rule does not constitute a federal due process violation."  Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).  In addition, the Court agrees with the argument set forth by the Defendants that the ADA does not apply to the federal prison, or the individual Defendants.  Therefore, this claim also should be dismissed.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1)    Defendants' Motion for Summary Judgment (Doc. No. 26) be GRANTED.

2)    Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 11th day of December, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE